IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00270

GEORGE BACA,

    Plaintiff,

v.

PARKVIEW MEDICAL CENTER, INC., and
PARKVIEW HEALTH SYSTEMS, INC.,

    Defendants.

## COMPLAINT

Plaintiff George Baca, by and through his attorneys, the Civil Rights Education and Enforcement Center, hereby brings this Complaint against Parkview Medical Center, Inc. and Parkview Health Systems, Inc. (collectively, "Parkview").

## INTRODUCTION

1. Twenty-four years after the Americans with Disabilities Act ("ADA") was passed and more than 40 years after Section 504 of the Rehabilitation Act ("Section 504"), Parkview failed to provide sign language interpreters and other accommodations for the deaf father of a critically injured minor, denying him effective communication and deeply exacerbating an already stressful situation.

## JURISDICTION AND VENUE

2.  This action arises under the laws of the United States. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §§ 1331 and 1343 for the federal law claims, and 28 U.S.C. § 1367 for the state law claim.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all of the events giving rise to the claims occurred in the District of Colorado.

## PARTIES

4.  Plaintiff George Baca is currently and at all times relevant to this suit has been a resident of the State of Colorado in Pueblo County. Mr. Baca is an individual with a disability because he is substantially limited in major life activities, including hearing.

5.  Defendants Parkview Medical Center, Inc. and Parkview Health Systems, Inc. are private, nonprofit corporations one or both of which own, operate, lease and/or lease to a private hospital, the Parkview Medical Center, which is a place of public accommodation as that term is used in title III of the Americans with Disabilities Act, 42 U.S.C. § 12181(7) and the Colorado Anti-Discrimination Act, COLO. REV. STAT. §24-34-601. On information and belief, both Parkview Defendants are recipients of federal financial assistance as that term is used in Section 504. On information and belief, Parkview Medical Center employs more than 15 people.

## FACTUAL ALLEGATIONS

6.  Plaintiff Baca is deaf, and does not understand speech. His first language and primary mode of communication is American Sign Language.

7.  Like many individuals who have been deaf since childhood, Mr. Baca does not read or write with fluency. American Sign Language, not English, is his native language.

8. In order to communicate effectively with strangers and/or in situations that call for more than routine language, Mr. Baca requires the services of a qualified sign language interpreter. Specifically, he requires a sign language interpreter in communications relating to medical topics and in conversations involving multiple individuals.

9. At all times relevant to this lawsuit, Parkview has known that Mr. Baca is Deaf.

10. On the evening of July 6, 2013, Mr. Baca was notified that his minor daughter was struck by a car and taken by ambulance to Parkview. He arrived at the hospital not long after.

11. In the emergency room lobby, Mr. Baca immediately requested to see his daughter and to be provided a sign language interpreter. No interpreter was provided.

12. On the evening of July 6, for most of July 7, and for the morning of July 8, Mr. Baca repeatedly requested an interpreter to speak with doctors, nurses, and other hospital staff. He was receiving no effective communication concerning what staff were doing and desperately wanted to understand.

13. Mr. Baca requested a sign language interpreter on July 6, 2013.

14. Defendants did not provide an interpreter for Mr. Baca on July 6, 2013.

15. Mr. Baca requested a sign language interpreter on the morning of July 7, 2013.

16. Defendants did not provide an interpreter for Mr. Baca until approximately noon on July 7, 2013.

17. The interpreter Defendants provided to Mr. Baca on July 7, 2013 interpreted for him for approximately two hours.

18.     After the interpreter provided to Mr. Baca on July 7, 2013 left, Defendants did not provide an interpreter for Mr. Baca for the remainder of that day.

19.     On the morning of July 8, 2013, medical staff met in Mr. Baca's daughter's hospital room to discuss her condition.

20.     Mr. Baca again requested an interpreter for this meeting.

21.     Parkview did not provide an interpreter for the meeting with medical personnel on the morning of July 8, 2013.

22.     Although a sign language interpreter was provided later in the day on July 8, medical personnel did not return to Mr. Baca's daughter's room to discuss her condition in the presence of the interpreter.

23.     When Mr. Baca arrived at the Emergency Room on the evening of July 6, he was unable to understand what Parkview staff were telling him about his daughter's condition. The only way the doctor could convey the extent of Mr. Baca's daughter's injuries was to pull back the curtain on her room and show Mr. Baca her critical injuries. Without effective communication to convey the context of his daughter's injuries, this was terrifying for him.

24.     Mr. Baca was asked to sign documents pertaining to his daughter's care.

25.     Mr. Baca did not fully understand the documents he was requested to sign because Defendants did not provide a sign language interpreter to assist him.

26.     Parkview was on notice that Mr. Baca needed an interpreter both because the need was obvious, and because on a number of occasions during his daughter's stay, Mr. Baca requested an interpreter.

27. On two occasions, a nurse attempted to communicate with Mr. Baca in writing about his daughter's care, the result of which were notes saying, "She doesn't need surgery," and "The doctor said he can come back. He is saying he [sic] injury is something that will heel [sic] on its own. We will do a CAT scan in the morning to Double Check." In response to the former, Mr. Baca wrote – to underscore his need for an interpreter – "don't matter I must I know everything Because I will take care her when out hospital." In response to the latter, he wrote, "OK for now Interpreter 24/7!!!!"

28. Parkview either lacks policies and procedures sufficient to ensure timely provision of effective communication or has policies and procedures that are inadequate to ensure this.

29. Parkview denied Mr. Baca access to communication as effective as that available to hearing parents of patients in its health care facilities.

30. The actions above discriminated against Mr. Baca on the basis of his disability.

31. Mr. Baca was harmed by Parkview's discrimination and failure to make its aids, benefits, and services available to him on nondiscriminatory terms. The discrimination and absence of effective communication, themselves, harmed Mr. Baca. In addition, he suffered emotional harm from the experience of coping with his daughter's critical injuries without the communication and information essential to any parent in that situation. Throughout the first three days of his daughter's hospitalization for life-threatening injuries, he felt intensely emotional, helpless, and frustrated.

32. Mr. Baca and his family members have received services at Parkview on multiple occasions and Mr. Baca intends to continue to use Parkview as the principal hospital for himself

and his family for emergency or inpatient care. Parkview is the only Level II Medical Center in the region where he resides. For these reasons, it is likely that Mr. Baca will in the future be a patient or the companion of a patient receiving medical care at Parkview and, in the absence of the relief requested in this Complaint, likely encounter further illegal discrimination.

## FIRST CLAIM FOR RELIEF
(Violations of Section 504 of the Rehabilitation Act)

33. Plaintiff incorporates the allegations set forth in the remainder of this Complaint and in each of the above paragraphs as if fully set forth herein.

34. Section 504 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as Parkview. 28 U.S.C. §794.

35. Mr. Baca is an individual with a disability within the meaning of the Section 504.

36. Parkview discriminated against Mr. Baca on the basis of disability in violation of Section 504 and its implementing regulations as more fully described above. Such discrimination includes but is not limited to the failure to provide auxiliary aids and services necessary to ensure effective communication and failure to provide aids, benefits and services as effective as those provided to others.

37. Mr. Baca was qualified to participate in Defendants' aids, benefits, and services within the meaning of Section 504.

38. Defendants denied Mr. Baca access to their aids, benefits, and services solely on the basis of his disability, thereby violating Section 504.

39. Despite the clear provisions of Section 504, Defendants' knowledge of Mr. Baca's requests for an interpreter, and its knowledge of Mr. Baca's deafness and need for

accommodation, Defendants continued to impose conditions and practices that discriminated against Mr. Baca.

40. Defendants' actions described in this Complaint were intentional and/or were taken with deliberate indifference to the strong likelihood that pursuit of its questioned policies would likely result in a violation of Mr. Baca's rights under the ADA and Section 504.

41. As a direct and proximate result of the acts, omissions, and violations alleged above, Mr. Baca has suffered damages, including but not limited to pain and suffering, inconvenience, and emotional distress.

42. Mr. Baca has been injured and aggrieved by and will continue to be injured and aggrieved by Defendants' discrimination.

**SECOND CLAIM FOR RELIEF**
(Violations of title III of the Americans with Disabilities Act.)

43. Plaintiff incorporates the allegations set forth in each of the above paragraphs and remainder of this Complaint as if fully set forth herein.

44. Title III of the ADA prohibits discrimination on the basis of disability by entities such as Defendants who own, operate, lease or lease to places of public accommodation. 42 U.S.C. § 12182 *et seq*.

45. Parkview Medical Center is a place of public accommodation as that term is used in title III of the ADA. 42 U.S.C. § 12181(7)(F).

46. Mr. Baca is an individual with a disability within the meaning of the ADA.

47. Defendants discriminated against Mr. Baca on the basis of disability in violation of title III of the ADA and its implementing regulations as more fully described above. Such

discrimination includes but is not limited to the failure to provide auxiliary aids and services and the failure to provide communication equally effective to that provided to others.

48.     Mr. Baca was qualified to participate in Defendants' goods, services, facilities, privileges, advantages, and accommodations within the meaning of title III of the ADA.

49.     Defendants denied Mr. Baca services, and otherwise treated him differently on the basis of his disability, thereby violating title III of the ADA.

50.     Despite the clear provisions of title III, Defendants' knowledge of Mr. Baca's requests for an interpreter, and its knowledge of Mr. Baca's deafness and need for accommodation, Defendants continued to impose conditions and practices that discriminated against Mr. Baca.

51.     As a direct and proximate result of the acts, omissions, and violations alleged above, Mr. Baca has suffered damages including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

52.     Mr. Baca has been injured and aggrieved by and will continue to be injured and aggrieved by Defendants' discrimination.

**THIRD CLAIM FOR RELIEF**
(Violations of the Colorado Anti-Discrimination Act.)

53.     Plaintiff incorporates the allegations set forth in each of the above paragraphs of this Complaint as if fully set forth herein.

54.     Parkview is a place of public accommodation as defined in C.R.S. § 24-34-601(1).

55.     C.R.S. § 24-34-601(2) provides in relevant part that "[i]t is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an

individual or a group, because of disability . . . the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation . . ."

56. By, among other things, failing to provide effective communication services to Mr. Baca on July 6, 7, 8 and at other times while his daughter was receiving services at Parkview, despite their knowledge that he was Deaf, and despite his repeated requests for interpreter services, Defendants discriminated against Mr. Baca by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Center in violation of C.R.S. § 24-34-601.

**WHEREFORE, Plaintiff respectfully requests:**

1. That this Court assume jurisdiction;

2. That this Court declare the actions of Defendants described in this Complaint to be in violation of title III of the Americans with Disabilities Act, Section 504, and the Colorado Anti-Discrimination Act;

3. That this Court enter an injunction ordering Defendants to cease discrimination on the basis of disability against deaf patients and companions of patients, including but not limited to Mr. Baca, by (among other things) establishing a procedure to ensure effective communication with persons who are deaf or hard of hearing;

4. That this Court award Mr. Baca compensatory damages pursuant to Section 504 and the Colorado Anti-Discrimination Act;

5. That this Court award Mr. Baca and/or his attorneys his reasonable attorneys' fees and costs; and

6. That this Court award such additional or alternative relief as may be just, proper, and equitable.

Dated this 9th day of February, 2015.

Respectfully submitted,

*s/ Amy F. Robertson*

_____
Amy F. Robertson
Civil Rights Education and Enforcement Center
104 Broadway, Suite 400
Denver, CO 80203
Phone: (303) 757-7901
arobertson@creeclaw.org

Attorney for Plaintiff